624 So.2d 451 (1993)
STATE of Louisiana
v.
Chuck SLAN.
No. 93-KA-0140.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1993.
Writ Granted November 29, 1993.
Harry F. Connick, Dist. Atty., Mark D. Pethke, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
*452 Ruth Walker, Tulane Community Service Program, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, BYRNES and LOBRANO, JJ.
BARRY, Judge.
The defendant was convicted by a jury of distribution of crack cocaine (La.R.S. 40:967(A)) and sentenced as a second felony offender to fifteen years at hard labor. Andrew Atkins was arrested with the defendant and also charged with distribution of crack cocaine. The State nolle prosequied Atkins' charge. The defendant claims the trial court erred by not suppressing a marked twenty dollar bill seized from Atkins.

FACTS
On February 6, 1992 at approximately 8:00 p.m. Officer Ronald Livingston was working undercover investigating street drug sales. Officer Livingston wore civilian clothes and was in an unmarked car. He was wearing a transmitting device and had two marked twenty dollar bills.
When Officer Livingston stopped at the corner of General Taylor and Annunciation Streets he observed the defendant standing in front of an abandoned house. The defendant motioned for the officer to go in his direction so Officer Livingston met the defendant at the curb. The defendant asked Officer Livingston what he was looking for and Officer Livingston responded "I need a twenty." The officer explained to the jury that a "twenty" is a $20.00 piece of rock cocaine. The defendant walked away from the car, then raised a hand to his face and spit an object into his hand. The defendant handed Officer Livingston a piece of rock cocaine and Officer Livingston paid the defendant with a marked twenty dollar bill. As Officer Livingston drove away he observed the defendant talking to Atkins.
Officer Livingston informed the backup unit of the transaction and gave a description of the defendant and Atkins to Officer Bayard who transmitted the descriptions to Officers Hoobler and Ceasar. Officers Hoobler and Ceasar arrested the men, and Officer Hoobler found the marked twenty dollar bill on Atkins. None of the officers saw the buy nor saw Atkins participate in the drug transaction.
The defense did not present a witness.

MOTION TO SUPPRESS
The defendant contends that the twenty dollar bill should have been suppressed because the officers did not have reasonable suspicion to make an investigatory stop of Atkins, nor probable cause to make the arrests and seize the money.
In Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968) the Court held that "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot" the officer may briefly stop the suspicious person and make "reasonable inquiries" aimed at confirming or dispelling his suspicions. Terry further held that "when an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," the officer may conduct a patdown search "to determine whether the person is in fact carrying a weapon." Id. at 24, 88 S.Ct. at 1881.
Officer Hoobler did not indicate during his testimony that the search of Atkins was conducted for safety reasons, rather he was specifically looking for drugs. Based on the record, the officers had no reasonable suspicion under Terry to stop and frisk Atkins.
Even if the stop was legal, the frisk went beyond a patdown for weapons. Recently in Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), the Supreme Court held that an officer's seizure of a "lump" of crack-cocaine in the defendant's pocket went beyond a search for weapons allowed under Terry:
Under the State Supreme Court's interpretation of the record before it, it is clear that the court was correct in holding that the police officer in this case overstepped the bounds of the "strictly circumscribed" *453 search for weapons allowed under Terry... Where, as here, "an officer who is executing a valid search for one item seizes a different item," this Court rightly "has been sensitive to the danger ... that officers will enlarge a specific authorization, furnished by a warrant or an exigency, into the equivalent of a general warrant to rummage and seize at will." ... Here, the officers' continued exploration of respondent's pocket after having concluded that it contained no weapon was unrelated to "[t]he sole justification of the search [under Terry:] ... the protection of the police officer and others nearby." ... It therefore amounted to the sort of evidentiary search that Terry expressly refused to authorize,..., and that we have condemned in subsequent cases. (Citations omitted.)
The trial court erred by not suppressing the twenty dollar bill.
The defendant next argues that denial of the motion to suppress was not harmless. The standard for harmless error is in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and was adopted by our Supreme Court in State v. Gibson, 391 So.2d 421 (La.1980). The standard focuses on "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Further, "the court must be able to declare a belief that [the error] was harmless beyond a reasonable doubt." Chapman, 386 U.S. at 23, 87 S.Ct. at 827; Gibson, 391 So.2d at 426. State v. West, 568 So.2d 1019 (La.1990).
The elements of the crime of distribution of crack cocaine are as follows: "... it shall be unlawful for any person knowingly or intentionally: (1) To produce, manufacture, distribute ... a controlled dangerous substance classified in Schedule II." La.R.S. 40:967(A).
The State proved beyond a reasonable doubt that the defendant sold rock cocaine to a police officer. The State put into evidence the crime lab report and the cocaine that the defendant sold to Officer Livingston. The State proved every essential element of R.S. 40:967(A). Money is not necessary to prove distribution of a controlled dangerous substance. Admission of the twenty dollar bill was harmless error.
The conviction and sentence are affirmed.
AFFIRMED