632 So.2d 749 (1994)
STATE of Louisiana
v.
Chuck SLAN.
No. 93-K-2590.
Supreme Court of Louisiana.
March 3, 1994.
*750 Sherry Watters, New Orleans, for applicant.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Mark D. Pethke, New Orleans, for respondent.
PER CURIAM:[*]
The defendant was charged by bill of information with distribution of cocaine in violation of La.R.S. 40:967(A). After trial by jury, he was found guilty as charged and sentenced by the court as a second felony offender to serve fifteen years at hard labor. On appeal, the Fourth Circuit found that the trial court erred in failing to suppress a marked twenty dollar bill seized from an Andrew Atkins at the same time the police arrested the defendant. The court of appeal concluded, however, that the error in admitting the evidence at trial was harmless. State v. Slan, 624 So.2d 451 (La.App. 4th Cir.1993). We granted the defendant's application for review to consider whether the court of appeal correctly applied the harmless-error standard of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). After a review of the record, we cannot say beyond a reasonable doubt that the error did not contribute to the jury's verdict and reverse the defendant's conviction and sentence accordingly.
The evidence adduced at the hearing on the motion to suppress and at trial showed the following. On the night of February 7, 1992, Officer Ronald Livingston turned his unmarked police car onto General Taylor from Annunciation street in New Orleans. Wired for sound and armed with two marked twenty dollar bills, Livingston had the support of a back-up team under the direction of Sergeant Tim Bayard, who operated the radio monitoring equipment. According to Livingston, the defendant waved him down in front of an abandoned house on General Taylor and approached the unmarked police vehicle. The defendant wore a knee-length tan jacket and asked the officer what he wanted. Livingston informed the defendant that he "needed a twenty." The defendant turned around, brought his hand to his mouth, and spat out a packet of crack cocaine. He then exchanged the packet with Livingston for one of the marked twenty dollar bills.
Livingston had focused his attention on the defendant and was only "vaguely" aware of Atkins, who was also standing in front of the abandoned house dressed in a Detroit Pistons jacket. As the officer pulled away, he observed the defendant walk over to Atkins and engage him in conversation. He then reported to Bayard that the transaction had taken place and gave him a clothing and physical description of the defendant, specifically referring to the tan, knee-length coat. Bayard rebroadcast that description and the back-up officers proceeded to arrest both men. After circling the block, Livingston returned and identified the defendant. A search of the defendant did not produce results but the officers found the marked twenty dollar bill on Atkins. The police subsequently seized the jackets worn by both men on the night of the offense, and that evidence, as well as the marked twenty dollar bills and a photostatic copy of the currency, was introduced at trial.
At the hearing on the motion to suppress, Livingston testified that he did not transmit a description of Atkins when he informed Bayard that the transaction had taken place. In their trial testimony, Livingston and Bayard, the two officers linked directly by the *751 radio transmissions made at the time of the transaction, mentioned only a single description of the defendant. The arresting officers, Hoobler and Ceasar thought that they received a description of Atkins as well as the defendant before arresting both men. The Fourth Circuit took Hoobler and Ceasar at their word but found that the police nevertheless lacked probable cause to arrest Atkins. The subsequent search of his person for money and narcotics therefore exceeded the permissible scope of a self-protective frisk for weapons which may accompany a lawful investigatory stop short of a full custodial arrest. Id., 624 So.2d at 452 [citing Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)].
Given Livingston's testimony at the hearing on the motion to suppress that he did not radio a description of Atkins to Bayard, the record fully supports the Fourth Circuit's application of Dickerson to the circumstances surrounding seizure of the marked currency, and the state does not contest that part of its judgment here. The court of appeal concluded, however, that the admission of the evidence was harmless because Livingston's testimony otherwise established the essential elements of the offense. "Money," the decision observed, "is not necessary to prove distribution of a controlled dangerous substance." Id., 624 So.2d at 453.
For purposes of Louisiana Uniform Controlled Dangerous Substances Law, distribution "... means to deliver a controlled dangerous substance...." La.R.S. 40:961(13). The testimony of Officer Livingston, found credible by the jury, established that the defendant delivered a single rock of cocaine to him on the date charged in the bill of information, without regard to what happened to the marked twenty dollar bill the officer claimed he exchanged for the cocaine. Nevertheless, harmless-error analysis in this context begins, not ends, with the premise that the evidence is otherwise sufficient to support the defendant's conviction. Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). The task of the reviewing court is to determine whether "the force of the evidence presumably considered by the jury in accordance with the [court's] instructions [was] so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same in the absence of the [error]." Yates v. Evatt, 500 U.S. 391, ___ _ ____, 111 S.Ct. 1884, 1893-94, 114 L.Ed.2d 432 (1991).
Livingston's back-up surveillance team observed neither the transaction itself nor any subsequent transfer of the marked twenty dollar bill. In addition, defense counsel impeached the officer's trial testimony with a statement made by Livingston several months earlier at the hearing on the motion to suppress. When asked by counsel at the hearing whether he had seen Atkins "anywhere in the area" during the operation, the officer replied, "No." At trial, Livingston characterized this discrepancy as an "honest mistake." The officer used the same characterization to describe another discrepancy in his testimony regarding the hand into which the defendant spit his cocaine packet.
Given the uncertainty regarding the number of the descriptions radioed by Livingston to Bayard as he left the area, introduction of Atkins's jacket tended to confirm only the indisputed fact that he was arrested on the scene with the defendant shortly after the transaction occurred. The marked twenty dollar bill provided the only corroboration of Livingston's testimony that a delivery of cocaine had taken place and that the two men were working together. The officer admitted to at least two mistakes about significant details of the transaction, however, and we cannot say that beyond a reasonable doubt "the guilty verdict actually rendered in this trial was surely unattributable to the error." Sullivan v. Louisiana, 508 U.S. ___, ___, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993) [emphasis in the original]; State v. Gibson, 391 So.2d 421 (La.1980).
Accordingly, the defendant's conviction and sentence are reversed and this case is remanded to the district court for all proceedings not inconsistent with this decision.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED.
LEMMON, J., dissenting.
The error was harmless.
NOTES
[*] Hall, J., not on the panel. See Rule IV, Part 2, § 3.